## The Atchison, Topeka & Santa Fe Railroad Company v. John P. Snedeger.

### No. 183.

1. Appellate Practice — *case-made examined and held sufficient.* The case-made in this action examined and held sufficient as against a motion to dismiss.

2. Talesman — *having served once is disqualified.* That a person has "served once already on a jury as a talesman on the trial of any cause," is by statute a principal ground of challenge, and it was error in this case to overrule challenges on that ground.

3. Evidence — *deposition of witness present in county at time of trial incompetent.* Where a witness resided in the county where the trial was held, and where it appeared that he was present in the county at the time of the trial, and that no effort was made to secure his attendance at the trial, and no reason was shown for his non-attendance, it was error to permit his deposition to be read in evidence over the objection of the defendant.

4. ———— *opinion as to amount of damages incompetent.* In an action for the recovery of damages on account of personal injuries, it is error to permit a witness, over objection, to give his opinion as to the amount of damages suffered by plaintiff.

A. T. & S. F. Rld. Co. v. Snedeger. 701

June 9, 1897.        Opinion.    Milton, J.                C. Div.

5. ———— *testimony of non-expert incompetent.* It was error to admit the evidence of a non-expert witness as to expectancy of life of plaintiff.

Error from Barber District Court. Hon. G. W. McKay, Judge. Opinion filed June 9, 1897. *Reversed.*

John P. Snedeger, plaintiff in the lower court, in his petition filed in the District Court of Barber County, claimed that on the tenth day of October, 1889, while employed by the Railroad Company as a section hand, and while engaged in shoveling dirt on its side track at Kiowa, Kan., he was injured and damaged by the negligence of the Atchison, Topeka & Santa Fe Railroad Company, its servants, agents, and his co-employees in the sum of five thousand dollars. The company answered, making a general denial and also a plea of settlement and satisfaction.

*A. A. Hurd,* and *Stambaugh & Hurd,* for plaintiff in error.

No brief on file for defendant in error.

Milton, J.   Defendant in error has moved to dismiss the petition in error, and claims that a case-made should contain a transcript of the record duly certified by the clerk. Counsel are in error in this contention. *Muscott v. Hanna,* 26 Kan. 770. The word "case-made" has a well-defined, technical meaning, and the question raised was settled by the case we have cited. Another point in the motion is that the judge's certificate makes no reference 1. Case-made to the evidence in the case. This is examined. not necessary and is no proper part of the certificate. See *Eddy v. Weaver,* 37 Kan. 540. This case-made in the proper places contains the following expressions :

702    A. T. & S. F. Rld. Co. v. Snedeger.

S. Dept.              Opinion.   Milton, J.          5 Kan. App.

"Plaintiff's testimony," followed by the testimony of several witnesses; "plaintiff rests," followed by a demurrer to the evidence, a statement that it was overruled and that defendant excepted; then "defendant's testimony," and after its testimony, "defendant rests." Besides this, on the page next after the words, "defendant rests," appears this statement: "And this was all the evidence introduced by either party in the trial of said action." We hold that the consecutive numbering of the pages sufficiently identifies this statement, which stands alone on the page it occupies, as referring to the evidence preceding it.

Again counsel contends that there is nothing to show that the case-made which was served on plaintiff's attorney, is the case-made which the judge settled and signed. The acknowledgment of the service does not give the title of the cause, but it is signed by the attorneys for plaintiff, within the time granted for serving the case-made. On the next page after this acknowledgment of service is a waiver, signed by the attorneys for plaintiff, which names the cause and says: "We do hereby waive notice of the time and place of the settling and signing of the foregoing case-made, and consent that the foregoing be settled, signed and allowed by the Hon. G. W. McKay, judge of the District Court of Barber County, Kansas, as the case-made in the said action." This waiver is silent as to amendments, but we think the defendant in error is estopped by it to raise any question as to the omission from the judge's certificate of mention of amendments. His counsel agreed that his presence was not necessary at the settlement of the case-made, and that "the foregoing be settled, signed and allowed as the case-made in said action." This language is equivalent to a statement that the

A. T. & S. F. Rld. Co. v. Snedeger.    703

June 9, 1897.        Opinion.    Milton, J.        C. Div.

case-made is true and correct and that no objections or amendments are, or are to be, offered by the defendant.

The motion to be dismissed must be overruled.

Defendant in error has filed no brief in the case.

Plaintiff in error has made six specifications of error.

It appears that the Railroad Company challenged several jurymen for the reason that they were not legally drawn as jurors, and for the further reason that each of said jurymen had served once already on a jury as a talesman, in the trial of another cause in the same court during the term. The record is not

2. Disqualified juror.

very clear as to this matter, but it appears that the court stated that there was no order upon the county clerk for the drawing of the names of these jurors, and that there had been no process of law to bring said jurors into court, except the following:

"Medicine Lodge, Kan., November, 18, 1891.

"To the Sheriff of Barber County, Kansas, greeting: You are hereby commanded to summon the following good and lawful men to serve as petit jurors during the November term, 1891, of the District Court of Barber County, Kansas. [Here follows a list of eleven names.]        (Signed)    G. W. McKay,
                                 Judge District Court."

Six of the jurors so summoned were challenged by plaintiff in error upon the grounds stated, and it appears that these persons had served as jurors in other cases prior to this case, during the same term of court. Plaintiff in error exhausted its peremptory challenges. We think the challenge to these jurors should have been sustained on the second ground stated, and that it was error to overrule the challenges.

Complaint is made that the court erred in the admission of certain testimony of the witness Clark, a

704    A. T. & S. F. Rld. Co. v. Snedeger.

S. Dept.          Opinion.    Milton, J.          5 Kan. App.

section hand, who was permitted to testify, over the objection of plaintiff in error, that a certain doctor was said to be the railroad surgeon; and that Snedeger said after he signed the paper — release — he had not understood it at the time he signed. We think the admission of the statement about the railroad surgeon was improper, but it was an unimportant matter in this case. The testimony as to Snedeger saying that he had not understood the release at the time he signed it, was incompetent, and its admission error, as it tended to influence the jury in favor of defendant in error as against plaintiff in error.

Another error assigned is, that the court permitted the defendant in error to read in evidence the deposition of Dr. C. H. Downtain, who was then a resident of and in the county where and when the case was tried. Evidence was offered which showed that this witness had lived for several years in Barber County, being a practicing physician in the city of Kiowa; that he was rarely out of the county, that he was at home the day before his deposition was read, and that one of the attorneys trying the case had telegraphed the doctor to be present at the trial, and, within twenty minutes before the deposition was read, had received a telegram from him inquiring whether it would not do for him to appear and testify in the case on the Saturday following. There was no evidence that defendant had subpoenaed the witness or attempted to secure his attendance. The admission of this deposition was error and, as it contained the only competent testimony as to the nature and extent of Snedeger's injuries, its admission was material error.

3. Witness present, deposition incompetent.

By agreement, the affidavit of G. M. Martin, one of

the attorneys for plaintiff below, for a continuance of the cause on account of the absence of plaintiff, was read as the deposition of Snedeger.    Plaintiff in error claims that the court erred in overruling certain objections made by it to certain portions of this affidavit, which contains statements to the effect that "plaintiff had no reason to believe that a car would be placed on the switch at that time ;" that "his expectancy of life if uninjured would be, as shown by the tables of actuaries, twenty-nine years ;" that "he had, therefore, been damaged in the sum of five thousand dollars ;" and that, "as soon as defendant ascertained that plaintiff was unable by reason of his injuries to perform a full day's labor or earn good wages, it discharged him."    Some of these statements were mere conclusions, and that as to his expectancy clearly incompetent.    It was error to overrule the objections made thereto.    *Roberts v. Comm'rs of Brown Co.*, 21 Kan. 247 ; *A. T. & S. F. Rld. Co. v. Wilkinson*, 55 id. 83.

*4. Opinion as to amount not competent.*

Dr. V. R. Burney testified as to the permanent character of the injuries defendant in error had received by being struck by the car.    The witness stated that he examined Snedeger as he would a person who was going to be examined for a pension.    He also stated that, according to the pension laws, the capacity of Snedeger to earn wages at manual labor was diminished about one-third by the injuries he had received ; that it was the duty of the witness as a pension examiner to rate men according to their disabilities ; and that, according to the present pension laws, Snedeger would be entitled to twelve dollars a month on account of the injury.    The last statement was made in answer to an inquiry as to the value of the loss of one-third of the capacity to earn a living by manual labor.    The

doctor did not seem to testify to any considerable extent from his knowledge as an expert, but mainly from his knowledge of the provisions of the pension laws.   His testimony ought to have been excluded from the jury.

Counsel for plaintiff in error urges that the trial court erred in permitting the witness, T. A. McNeal, who disclaimed expert knowledge of the subject, to read from a book called "Gaskell's Compendium,"

5. Non-expert testimony incompetent.

and to testify concerning statements contained in said book as to the expectancy of life of a person at plaintiff's age, and to give his understanding as to the effect and meaning of statements contained in said book.   The witness read from this book what he called the Carlisle tables of expectancy.   While the Carlisle tables, if properly identified, might have been read to the jury, yet the record fails to show that these tables were even offered in evidence.   All the testimony, therefore, of the witness McNeal, including what he read from the book, was incompetent and ought to have been excluded.

It is contended that the court ought to have sustained a demurrer to plaintiff's testimony.   We do not agree with this claim, as there was some evidence to sustain the allegations of the petition.

Counsel claim that the Company's answer set up a complete defense to the cause of action stated in the petition, and that it was not overcome by the testimony of plaintiff.   As the case will have to be reversed for the reasons already stated, we shall refrain from commenting further in respect to the matter of the release, which was a very important feature in the case.

For the errors appearing, the judgment of the District Court will be reversed and a new trial granted.