[No. 4426.  Decided April 27, 1903.]

ELMER DEWALD, *Respondent*. v. JOHN C. INGLE, *Appellant*.

EVIDENCE — OPINIONS OF WITNESS — AMOUNT OF DAMAGES.

In an action for personal injuries testimony of the plaintiff as to the money value of his damages is inadmissible.

APPEAL — EXCEPTIONS TO EVIDENCE — SUFFICIENCY.

When a proper exception to the admission of testimony has been taken, but overruled by the court, it is sufficient to apply to subsequent errors of the same kind in the examination of the witness, although the question to which specific objection was raised may not have been intelligently and responsively answered.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Reversed.

*Martin & Grant,* for appellant.

*Merritt & Merritt,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was commenced by respondent for damages resulting from injuries received in a fight with appellant. On the 4th day of August, 1901, appellant, accompanied by a woman to whom he was engaged to be married, and whom he afterwards did marry, and her little boy, was driving through the village of Lamona, in this state, along the road in front of a saloon, where several men were assembled. As they were driving

peaceably by, these men began to halloo at them, calling the appellant vile and vulgar names, and using language too indecent to be recorded, but which appears in the statement of facts. Appellant urged his team up, attempting to get out of hearing, but, as the obscene language increased, he was so outraged and irritated that he got out of his buggy and started back, when the man who had been blackguarding him ran into the saloon. On his way back he picked up two rocks. When he stepped into the saloon he asked who had insulted him and his intended wife, and the respondent answered him with an oath. Blows followed, and the appellant struck the respondent over his head with one of the rocks, which inflicted the injury complained of. This statement, it will be understood, is in accordance with the testimony of the appellant, the respondent testifying that he was not one of the crowd that hallooed to the appellant as he was passing by, and that he did not answer him in the saloon in the manner asserted by appellant. The trial resulted in a verdict and judgment for respondent in the sum of $1,000. From such judgment this appeal is taken, and the assignments are: (1) That the court erred in overruling the motion for a new trial; (2) in permitting respondent to testify, over appellant's objection, as to the amount of his damages in money; (3) in permitting counsel for respondent to re-examine and cross-examine respondent as to the amount of his damages; (4) in admitting a rock in evidence, over appellant's objection for the reason that said rock had never been identified; and in giving the jury certain instructions.

The respondent moves to dismiss this appeal for the reason that no exceptions or objections were ever taken, as by law required, or at all, to any of the rulings and decis-

ions of the trial court, and no exceptions or bill of excep-
tions was ever taken, filed, or presented in the trial court;
that the statement of facts certified to this court should
not be considered by this court for the reason that no ex-
ceptions were taken to any of the rulings of the trial court.
An examination of the record shows that this motion is
entirely without merit, and it will therefore be denied.

The first error alleged is necessarily involved in the sec-
ond, namely, that the court erred in permitting respondent
to testify, over appellant's objection, as to the amount of
his damages in money.   After the statement by the plaint-
iff of his condition resulting from the blow which he re-
ceived at the hands of the appellant, the witness was asked
to state as near as he could the approximate damages he
had sustained.   The answer was:

"Well, I would not have been hit for anything. Q. Can
you state your damages in dollars and cents? A. Well, I
would not have it there for one or two thousand dollars."

The attorney for the plaintiff, not being satisfied with
the answer, proceeded:

"Q.   I will ask him this question:   I will ask you if
you can place a value upon the pain and suffering of that
scar in your estimation.   A.   No, I can not.   Q.   You
don't understand me.   Can you place a value upon the
pain and suffering you sustained by reason of that blow?
A.   Just as I tell you.  It keeps aching right along.   Q.
Can you fix the price of that pain and ache in dollars and
cents?   A.   No, sir.   Q.   Has it been any damage to you
in dollars and cents?   A.   Well, I think it has.   Q.   Tell
us how much you have been damaged in dollars and cents.
A.   I guess about seven dollars.   Q.   I am talking about
the pain, you told the jury you are suffering, and that
you have a scar there.   Now I am asking you to place a
value upon that if you can in dollars and cents; what has
it damaged you?   You can certainly tell that.   A.  About
$2,000 anyway; that much damage."

Still not satisfied with this answer, the counsel for respondent pursued his questions as follows:

"Q. Now, Mr. DeWald, you have stated that this has been aching and paining and hurting you ever since you were struck, and still continues that way, and there is a scar there of considerable length. Do you understand that I am asking you how much that pain and scar and suffering has damaged you? A. It has damaged me $400 or $500 anyway. Q. You would be perfectly willing to have it there for four or five hundred dollars? A. Yes."

There is no gainsaying the general rule that it is not within the province of a witness to testify as to the value of damages sustained, but that he should testify only to the facts, from which the jury will determine the amount of the damages. The rule is thus stated by 3 Sedgwick on Damages (8th ed.), § 1290:

"Another general rule, which pervades all our law, is that the witness is to testify only to facts. He is to speak as to the facts which he has heard or seen. His opinion is not to be given; for it is the opinion of the jury on the testimony which forms the verdict and decides the case."

There are, however, some exceptions to this general rule, notably the testimony of experts on questions of science and skill, where the jury are not capable of determining the logical results or effects of a given statement of facts. In such cases it becomes necessary for some one, who is able to properly and intelligently interpret facts, to state to the jury the result of a fact or combination of facts. This testimony is admitted, in spite of the general rule, from the necessities of the case. In such case it is left to a cross-examination to elicit the qualifications of the witness to testify in such cases. But in the case at bar a cross-examination would be futile, for it could elicit nothing but a reiteration of the conclusion announced by the

witness that he was damaged in a certain amount. This must necessarily be so, for if there were any facts which he could state to elucidate his condition to the jury, by means of which they could determine the amount of damage, those facts, instead of the opinion of the witness, should have been submitted to the jury, and would have avoided the necessity of the expression of opinion. The testimony in this case illustrates forcibly the fallacy of permitting the opinion of the witness as to the amount of his damage to go to the jury. It was held in *Anderson v. Ogden Union Ry. & Depot Co.,* 8 Utah, 128 (30 Pac. 305), that the amount of damages recoverable for personal injuries in any case is not to be determined by the opinions of witnesses, but is for the jury under all the circumstances of the case. In *Ohio & M. Ry. Co. v. Nickless,* 71 Ind. 271, as in the case at bar, where the plaintiff testified for himself as a witness, after testifying to his injuries, the following occurred:

"The plaintiff was here asked to state the amount of damages he had sustained by the injuries he had described, to which question the defendant objected, for the reason that it was simply asking for the opinion of the witness; whereupon the court ruled that the witness might state the facts showing the extent of his damages, and calculated to measure the amount of his damages; that he had already spoken about loss of time and medical attention; that he might state any other pertinent matters, but that his mere opinion was not worth anything; that the jury founded their verdict on facts, and not opinion, *but that, where an amount constituted a fact, it might be given.* . . . The witness then stated that he had sustained damages to the amount of at least five thousand dollars."

In passing upon the question of the legality of this testimony, the supreme court of Indiana said:

"The evidence of the plaintiff as to the amount of damages sustained by him was clearly incompetent; and the ruling of the court, that, where the amount of damages constituted a fact, the statement of the witness as to the amount might be given, was erroneous. The witness might very properly describe his injuries, but it was not competent for him to estimate the amount of damages which he had sustained. That was for the jury to determine. Nor can we say that the testimony was harmless, because the jury returned two thousand dollars as the damages, instead of five thousand dollars, the amount estimated by the plaintiff. We cannot say that the amount found was not in some degree influenced by the estimate which the plaintiff put upon his damages."

So, in the case at bar, it would be difficult to understand the verdict of the jury on any other theory than that they compromised the statements made by the respondent himself as to the amount of his damages, for he stated at one time that he was damaged at least $2,000 and at another that he was damaged from four to five hundred dollars, and that he would be perfectly willing to have the pain and scar there for four or five hundred dollars. In *Atchison, T. & S. F. R. R. Co. v. Snedeger,* 5 Kan. App. 700 (49 Pac. 103), it was held that in an action for the recovery of damages on account of personal injuries, it was error to admit a witness, over objection, to give his opinion as to the amount of damages suffered by plaintiff.

The above cases are all cases involving claims for damages for personal injuries. But other courts have laid down the same rule in other damage cases, and where the same principle is involved. In *Chicago & A. R. R. Co. v. Springfield & N. W. R. R. Co.,* 67 Ill. 142, where a witness was asked the direct question of what the damages would be under a given state of facts, and his answer was that there would be no damage, the supreme court said:

"This evidence was improper, not only upon the ground that the question called for the mere opinion of the witness, upon the assumption that appellee would put in the work when in nowise obligated to do so, but upon the further ground that it was an opinion covering the very question which was to be settled by the jury, and so conclusive of it as to leave to the jury no other duty but that of recording the finding of appellant's witnesses. It amounts to nothing more nor less than permitting the witnesses to usurp the province of the jury."

In *Evansville, etc., R. R. Co. v. Fitzpatrick,* 10 Ind. 120, it was said:

"But the opinions of witnesses, as to the amount of damage done by the construction or operation of the road, are not competent evidence. They may state the particular injuries, and the jury are to form their own conclusion of the amount, from the facts proved. . . . In the case at bar, the interrogatories, in effect, call upon the witness to estimate the damages, and the answers plainly show a mere opinion as to the amount. Plaintiffs' objections were well taken, and should have been sustained."

In *Wichita & W. R. R. Co. v. Kuhn,* 38 Kan. 675 (17 Pac. 322), the following question was asked:

"How much less, in your opinion, is this farm worth after the railroad company had established their track through it, irrespective of any benefits from any improvements proposed by the railroad company to be derived from said track, taking into consideration all incidental loss, inconveniences, and damage, present and prospective, which may be reasonably expected or shown to exist from the maintaining of said railroad track, to be continued permanently. *Ans.*: About $2,100."

The supreme court, in commenting upon this testimony, said:

"The court below certainly should not have permitted this evidence to be introduced. It involved substantially everything that the jury were called upon to determine;

and left nothing for the jury to decide. It invaded the province of the jury. It really amounted to letting the witness himself determine by his own opinion what the damages were, and the amount which the plaintiff should recover in the action."

"The opinions of witnesses, as to damage or loss, are not competent evidence, even in cases where the damages° claimed are a proper subject of recovery. The facts, and *all* the facts going to show what the damages would be, should be given in evidence; and the jury must then draw their conclusion from the testimony of the witnesses as to the amount of the damage." *Giles v. O'Toole,* 4 Barb. 261.

In *Norman v. Wells,* 17 Wend. 136, the court, in speaking on this proposition, says:

"The single opinion of no man can be followed. The best would be utterly delusive. Even where a witness is able to speak to all the facts of the particular case, his opinions are not to be received. I know that in questions of insanity, some courts allow witnesses to throw in their opinions from what they have seen and heard. But I always found that such cases were much better tried, where opinions were kept entirely out of view; and I have generally excluded them, except where they came from professional men. . . . The amount of indemnity, where it is not capable of being reached by computation, is always a question for the jury. If there be any rule without exception, it is this; and I have been unable to find any instance where the opinion of witnesses has been received. Bacon and Symonds, who were sworn in this case, might have possessed some knowledge in respect to the case peculiar to themselves. Every witness is supposed to have such knowledge; but he does not therefore become an expert, and entitled to speak on the general point of damages. If one may speak, another may. It is no reason for receiving such evidence that the defendant may cross-examine. That he might do of course; and the trial might thus be

protracted to an amazing length in taking opinions from the neighborhood."

In *Cook v. Brockway*, 21 Barb. 331, in the discussion of this proposition, it was said:

"The witnesses should have stated the facts, and the jury should have exercised their judgment, and pronounced the damages. . . . The principle that witnesses shall not invade the province of the jury is an important one, and there is great danger in departing from it. If the opinions of witnesses are to be substituted for the judgment of the jury, upon the evidence, parties will be able, by selecting their witnesses, and by talking and reasoning with them, etc., to control the amount of the verdict. Matters of opinion upon questions of damages are very uncertain; and whether the witness is honest in the opinion he gives is a matter that can rarely be decided. He may be corrupt and yet beyond the reach of punishment. If he swears to facts corruptly he may be punished; and generally the party against whom he testifies will have it in his power to give evidence upon the question, and protect himself upon the trial. But without pursuing the subject, the rule is well settled, and it should be adhered to in its true spirit."

To the same effect are: *Harger v. Edmonds*, 4 Barb. 256; *Wilcox v. Leake*, 11 La. An. 178; *Fish v. Dodge*, 4 Denio, 311 (47 Am. Dec. 254); *Atlantic & G. W. R. R. Co. v. Campbell*, 4 Ohio St. 583 (64 Am. Dec. 607); *Shepherd v. Willis*, 19 Ohio, 142; *Morehouse v. Mathews*, 2 Comst. 514; *Elwood Planing-Mill Co. v. Harting*, 21 Ind. App. 408 (52 N. E. 621); *Bonner v. Copley*, 15 La. An. 504; *Bissell v. Wert*, 35 Ind. 54; *Cleveland & P. R. R. Co. v. Ball*, 5 Ohio St. 568; Abbott, Trial Evidence, p. 349, § 85; *Dalzell v. Davenport*, 12 Iowa, 437; *Tingley Bros. v. Providence*, 8 R. I. 493; and many other cases, too numerous to mention, some of which are cited in the appellant's brief. In fact, the uniform authority is to the effect that such testimony is inadmissible.

Respondent, in defense of the admission of this testi-
mony, cites but few cases, two of which are from this court.
In *Sears v. Seattle Consolidated Street Ry. Co.,* 6 Wash.
227 (33 Pac. 389, 1081), where the question asked the
witness was, "What was there, if anything, to prevent him
[the motorman] stopping the cars and applying the
brakes a long time before he did?" the answer was, "He
was running at too high speed to stop it at that distance."
This testimony simply went to the cause of the injury,
and not in any way to the value of the resulting damages.
In *Sutton v. Snohomish,* 11 Wash. 24 (39 Pac. 273, 48
Am. St. Rep. 847), the witness gave his opinion as to
whether the respondent was badly hurt by the fall, and
his testimony was sustained by this court. It is true this
was an expression of opinion as to the character or degree
of the injury, just as was the testimony of the respondent
in the case at bar that the injury inflicted gave him great
pain. But in the case at bar, in addition to the statement
of the injury respondent is permitted to measure the dam-
ages resulting from the injury—the very question at issue
in the case and which was not involved in the case of
*Sutton v. Snohomish.* We have examined the other cases
cited by the respondent, but none of them sustain the testi-
mony introduced in this case to which objection is made.

This recalls the contention of the respondent that the
question of the admissibility of this testimony is not prop-
erly raised by the appellant, for the reason that the ques-
tion first asked the witness in regard to the amount of
damages which he had sustained was not intelligently ans-
wered, and that subsequent questions of the same kind were
not objected to. An examination of the record shows that
when the witness was asked to state his opinion in regard
to the value of his damages, the objection was as follows:

"We object to the question for the reason that it is incompetent, irrelevant and immaterial, and is not the proper manner to prove damages for the reason that it invades the province of the jury, and it is not proper testimony as the witness should only be permitted to testify to facts from which the jury are to determine the damages."

The court overruled the objection, and an exception was taken. The answer was: "Well, I would not have been hit for anything." It is true that, to the subsequent questions in relation to the damage of the plaintiff in dollars and cents, no objection was made by the defendant, but he had already stated his objections, those objections had been overruled and an exception taken; and no good purpose would have been subserved in retarding the progress of the suit by constantly objecting and preserving exceptions to the identical character of questions that had already been admitted by the court over his objections. The objection to this character of testimony was made, exception was taken to its admission over the objection, and a motion for a new trial was made upon the ground of errors of law occurring at the trial, to which exceptions were taken. We think that the error is properly presented to this court.

This view of the question of the inadmissibility of this testimony renders unnecessary the discussion of the other errors assigned. The judgment will be reversed, and a new trial granted.

FULLERTON, C. J., and MOUNT and ANDERS, JJ., concur.