[No. 5310.   Decided April 15, 1905.

S. O. BERG, *Respondent, v.* HUMPTULIPS BOOM AND RIVER IMPROVEMENT COMPANY, *Appellant.*[1]

DAMAGES—PLEADING—COMPLAINT—DESCRIPTION OF PERSONAL PROPERTY—DEFINITENESS. In an action to recover damages to property occasioned by flooding, a motion to make a complaint more definite and certain should be granted, where damage to lands, tenements, furniture, hay, live stock, lumber and other personal property is lumped at $2,000, without any particular description of the personal property damaged.

DAMAGES—TO LIVE STOCK—FINANCIAL LOSS IN SELLING—EVIDENCE—GROSS AMOUNT. In an action to recover damages to live stock occasioned by flooding plaintiff's farm, it is error to permit the plaintiff to testify that he was damaged in the sum of $400, by reason of being compelled to sell his stock after his hay was destroyed, since financial loss does not come within the allegation, and also because a party cannot in such a case testify to the gross amount of damages sustained.

SAME—GROSS AMOUNT OF DAMAGES—PROSPECTIVE PROFITS—CURING ERROR BY INSTRUCTIONS. Error in permitting a party to testify to the gross amount of damages to live stock by reason of being compelled to sell the same, is not cured by an instruction that he could not recover prospective profits to be made in keeping them over until spring.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered March 14, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover damages to property by flooding. Reversed.

*J. H. Parker* and *John C. Hogan,* for appellant.

*Ben Sheeks* and *E. H. Fox,* for respondent.

PER CURIAM.—This action was brought to recover damages to real and personal property, caused by flooding.

1Reported in 80 Pac. 528.

The allegation of the complaint in relation to the damages sustained is as follows: That during the month of December, 1902, and the month of January, 1903, the defendant's boom obstructed the Humptulips river, and caused the waters thereof to back up and overflow the plaintiff's lands and premises,

"whereby plaintiff's said land was and is damaged, his hay destroyed, his live stock, to wit, neat cattle, injured, his dwelling house flooded and furniture therein damaged, his lumber and other property floated off and destroyed; in all to plaintiff's damage in the sum of $2,000."

The defendant moved to make this complaint more definite and certain, by stating the nature of the damage to the real property, and the amount thereof, the quantity of hay destroyed, and the value thereof, and generally, by stating the different classes of personal property injured, and the particular injury thereto, and a description of the property destroyed, and the value thereof. The court denied the motion, and the ruling is assigned as error. The defendant then answered, denying the material allegations of the complaint, and alleging affirmatively that the real property described in the complaint was the community property of the plaintiff and his wife, and that the wife was a necessary party to the action. The affirmative matter in the answer was denied in the reply. When the case was called for trial, the plaintiff withdrew all claims for damages to the realty, but did not amend, or offer to amend, his complaint. The defendant thereupon objected to the introduction of any testimony under the complaint, for the reason that it did not state sufficient facts. This objection was overruled. The plaintiff offered evidence as to the loss of a floating dock and house thereon, used for a boat landing, to which the defendant objected as it was a part of the realty, and the objection was overruled. Under

the allegation of the complaint as to injury to cattle, the following testimony was received, over the objection of the defendant:

"Q. You say you had no hay to feed them? A. Yes, sir; I have not any hay and I have to sell them. Q. How much do you estimate you were damaged on your cattle? A. I think about four hundred dollars. Q. You think if the flood had not come you would have made that out of them? A. Yes, sir; I would have made more than that out of them if the flood had not have come. Q. You claim you were damaged four hundred dollars because of this water to your stock? A. Yes, I don't would have it for four hundred dollars. I never like to do it over again. Q. That is for the cattle? A. Yes, sir. Q. Now you say that the reason that you sold the stock was that you did not have money to buy hay to feed them with, your hay being spoiled? A. Yes, sir. Q. That is the only reason? A. Yes, sir."

The plaintiff had judgment below, and the defendant appeals.

The first assignment of error is based on the ruling of the court denying the motion to make the complaint more definite and certain. Ordinarily motions of this kind are addressed to the sound discretion of the trial court, and an appellate court will not review the ruling unless an abuse of discretion is shown. Inasmuch as this judgment must be reversed on other grounds, we will express our views in regard to this ruling, as the pleadings may be amended after the case is remanded. Our statute provides that the complaint shall contain a plain and concise statement of the facts constituting the cause of action; and, when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment, or may dismiss the same. A fitter place for the exercise of the power conferred by the latter

provision has never been called to our attention. Damage to lands, tenements, furniture, hay, live stock, lumber and other personal property, is lumped off at $2,000. Nothing was described in the complaint but the land, and, to add confusion to uncertainty, this was withdrawn from the case, thus leaving it extremely doubtful whether there remained any allegation as to the amount of damages to the personalty. From the gross sum of $2,000, there was withdrawn an unknown sum for the damages to the realty, leaving the balance equally unknown and indeterminate. When a person is sued for injury to personal property, he has an absolute right to know what particular property he has injured, and the nature and extent of the injury complained of. If charged with the destruction of personal property, he has an absolute right to know what property he has destroyed, and the value thereof.     To illustrate, under the allegation that the respondent's neat cattle were injured, the court received evidence, over objection, of loss sustained by the respondent because he had no hay to feed them, and was compelled to sell them sooner than he otherwise would. While the complaint covered nothing beyond physical injury to the cattle at most, a recovery was had for financial losses to the owner, resulting from other and different causes. The motion to make the complaint more definite and certain should have been sustained.

The second error assigned relates to the overruling of the objection to the reception of evidence, under the complaint, after the claim for damages to the real property had been withdrawn. Inasmuch as the complaint should be amended after the case is remanded, we deem it unnecessary to discuss this question. The third assignment relates to the ruling admitting evidence as to the loss of the floating dock. Under the record before us, it is difficult to say whether this was personal property or a part of the realty, and, as

the question may not arise in the same form again, we will not discuss it.

The next error assigned relates to the admission of evidence as to damages for injuries to the neat cattle. The substance of this testimony is given above. These damages do not come within the allegations of the complaint, and, in addition to this, the witness was permitted to state the gross amount of his loss, when it must have been apparent to the court below that some, at least, of the elements of damage which the witness took into consideration in making his estimate could not be considered, in any view of the law, regardless of the pleading. It is only in exceptional cases, if at all, that a witness is permitted to testify to the gross amount of damages sustained. That question is ordinarily for the jury. A witness may doubtless testify how much the value of an article has been impaired or lessened by an injury thereto, but he cannot testify as to the total amount of damages, taking all elements into consideration, thus substituting his judgment for that of the jury. *DeWald v. Ingle,* 31 Wash. 616, 72 Pac. 469, 96 Am. St. 927. It is true, the court instructed the jury that the respondent could not recover prospective profits to be made by keeping his neat cattle over until spring, but this did not cure the error in admitting the above testimony, and in refusing to strike it from the record.

Error is assigned on the instructions given by the court, for the reason that they would permit a recovery for injuries to the real property. The eleventh instruction excepted to is open to the objection urged against it, but there is another instruction directly to the contrary. Inasmuch as the question will not arise again, it is unnecessary to discuss it.

The judgment is reversed, and, after the cause is re-

manded, the appellant will be permitted to renew its motion to make the complaint more definite and certain, and the respondent will be permitted to amend.