[No. 7885.  Department One.  October 4, 1909.]

JOHN JOHNSON, *Respondent*, v. JAMES A. CAUGHREN *et al.*,
*Appellants.*[1]

TRIAL—INSTRUCTIONS—ISSUES. Error cannot be assigned upon the giving of instructions outside the issues, where they were based on evidence admitted without objection.

SAME—REQUESTS. It is not error to refuse requested instructions covered in the general charge.

EVIDENCE—OPINION EVIDENCE—MASTER AND SERVANT—COMPETENCY OF FELLOW SERVANT. In a personal injury case, it is inadmissible to allow expert witnesses to give their opinion as to the competency of a fellow servant employed as a powder man, based upon observing his conduct, or knowledge of his experience, since the jury is as capable as the witnesses of drawing the proper inferences from the facts (CHADWICK, J., dissenting).

Appeal from a judgment of the superior court for Klickitat county, McCredie, J., entered October 5, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an

[1]Reported in 104 Pac. 170.

action for personal injuries sustained by an employee through the premature explosion of a blast. Reversed.

*A. L. Miller, W. B. Presby,* and *N. B. Brooks,* for appellants.

*Henry E. McGinn,* for respondent.

FULLERTON, J.—The respondent brought this action to recover for personal injuries received while in the employ of the appellants, who were contractors doing construction work for the Portland & Seattle Railway Company on the north bank of the Columbia river. At the time of the injury the respondent was acting as assistant to one Ferguson, another employee of the appellants known as the powder man, the duties of the powder man being, among others, to superintend the drilling of holes for blasting, and to charge and explode the blasts. The immediate cause of the respondent's injury was the premature explosion of a blast. While assisting Ferguson in charging a drill hole for the purpose of springing it, the charge exploded prematurely, putting out both of his eyes.

In his complaint he alleged that the explosion was due to the unfitness and incompetency of Ferguson to perform the work for which he was employed. The appellants put in issue by answer the allegations of the complaint, and alleged affirmatively that the respondent assumed the risks incident to his employment, of which the premature explosion of a blast was one, and was himself guilty of contributory negligence; and further, that the negligence, if any, causing his injury, was the negligence of a fellow servant. On the issues thus formed a trial was had, resulting in a verdict and judgment in favor of the respondent for the sum of ten thousand dollars.

In support of their appeal, the appellants have made a number of assignments of error, the greater number of which we think deserve no special consideration. The evidence made a case for the jury, and consequently the court

did not err in denying the appellants' motion for a nonsuit made at the conclusion of the respondent's case in chief, or its motion for an instructed verdict made at the conclusion of the entire case. Nor was there error in giving or refusing to give instructions. The principal objections to the instructions given is that they are not based on issues made by the complaint and answers, but it is a sufficient answer to these objections to say that the instructions were based on evidence admitted without objection as if on sufficient pleadings. In such cases the court will treat the pleadings as the parties themselves have treated them, as sufficiently broad to warrant the introduction of the evidence. The substance of the instructions requested were included in the instructions given. In this state this is a sufficient compliance with a request to instruct.

The court, however, permitted certain witnesses to give their opinions as to the competency and fitness of Ferguson to perform the duties as a powder man, the witnesses answering that in their judgment he was incompetent and unfit to perform such duties. This we think was error. The general rule is that a witness must testify to facts, not opinions; that whenever the question to be determined is to be inferred from particular facts which can be readily produced before the jury, and the inference to be drawn therefrom is within the common experience of men in general, requiring no special knowledge, skill or training, the inference or conclusion is to be drawn by the jury and not the witness. In the case at bar, any witness having an opinion on the question of incompetency of Ferguson to perform the duties for which he was employed must have acquired it from observing his conduct, manner and actions while in the performance of his work, or from knowledge of his experience or lack of experience. These matters could be related to the jury by the witnesses substantially as they were observed by the witness, and the jury were just as capable of drawing just inferences from them as were the witnesses

themselves. This being so, it was the province of the jury to draw the inference, and it was error to let the witnesses draw it for them.

The cases on this precise question are conflicting, but it seems to us that the great weight of authority is with the rule as we have stated it. Mr. Thompson states the rule as follows:

"It may be stated as a general rule that, if the facts of any particular inquiry can be so placed before the jury that, as men of ordinary intelligence, they can fully understand the matter and draw the proper inferences and conclusions therefrom, the opinions and conclusions of a witness, whether an expert or a nonexpert, should not be received." Thompson, Commentaries on the Law of Negligence, §7747.

In 17 Cyc. 56, this language is used:

"The issue of negligence can in most cases well be determined by the judgment of a jury and the inference, conclusion, or judgment of witnesses is rejected. This rule has been applied, for example, to the question whether a bridge, road, roadway, sidewalk, track, or other place, machinery, mechanical appliance, rate of speed, situation, or other thing or collection or combination of things is safe or dangerous. The rule has also been applied to the question whether certain conduct of a person was careful or careless. And it has been applied to other questions as to conduct; as whether it was cautious, dangerous, 'in the line of duty,' necessary, negligent, proper, prudent, reasonable, professionally skilful, safe, usual, or unusual; and whether such conduct constituted good management, or omitted anything, The exclusion is subject to the proviso that the material facts can be placed before the jury. The same rule is naturally applied with even greater strictness where the inference is a more reasoned one; as whether sufficient time was afforded for the doing of an act; whether a workman, driver, engineer, motorman, or other person was competent for the work in which he was engaged; or was or was not habitually negligent. For like reasons a witness, even the actor himself, cannot state his inference as to the existence of contributory negligence or whether a person was or was not in the exercise of due care; or what would constitute reasonable care under given circumstances."

In each of these works a large number of cases are cited which support the text, and no attempt will be made to collect them here.

This court itself seems never to have had occasion before to pass upon the question directly. In *Sears v. Seattle Consol. St. R. Co.*, 6 Wash. 227, 33 Pac. 389, 1081, it was held not error to allow a witness to testify that a car was running at too high a speed to prevent the motorman to stop it within a given distance. The opinion, however, recognized the general rule "that witnesses may not give opinions as to matters of fact which the court or jury are ultimately to determine." The decision was rested on the ground that the evidence fell within an exception to the rule, namely; that "common observers . . . may state the results of their observations in regard to ordinary appearances and conditions of things which cannot be produced to a jury exactly as they were observed by the witness at the time." In *State v. Coella*, 8 Wash. 512, 36 Pac. 474, it was held not error to refuse to permit a witness to give his opinion whether the appearance of a certain room at a stated time indicated that a scuffle had taken place therein. In *Sutton v. Snohomish*, 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847, it was held unobjectionable to permit a witness to give his opinion as to whether the respondent was badly hurt by a fall. The reason for the holding was not given, but presumably it rested on the ground stated in *Sears v. Seattle etc., supra.* In *Keating v. Pacific Steam Whaling Co.*, 21 Wash. 415, 58 Pac. 224, it was held improper to permit witnesses to testify that, in their opinion, towing from the main mast of a sea-going steamer, at the same time using the main sail with the main boom, was unsafe. The case was affirmed, however, on the ground that the error was not prejudicial in the particular instance.

In *State v. Gates*, 28 Wash. 689, 69 Pac. 385, it was held not error to refuse to permit a witness to give his opinion

whether a certain Captain Beeson would operate a boat in a described manner; the court saying that the question called for a conclusion which was the right of the jury to determine from the facts proven, and the witness could not properly testify as to his opinion upon the fact, but should have related the facts and allowed the jury to draw the conclusion. In *De Wald v. Ingle*, 31 Wash. 616, 72 Pac. 469, 96 Am. St. 927, it was held error to permit a plaintiff in a personal injury action to give his opinion as to the amount of damages he had sustained by the injury received; the court resting its decision on the ground that the witness was asked to give his opinion covering the very question to be settled by the jury. To the same effect is *Berg v. Humptulips Boom and River Imp. Co.*, 38 Wash. 342, 80 Pac. 528. Other cases might be cited having more or less pertinence to the question in hand, but these show unmistakably the drift of opinion held by this court; that it is not proper to permit a witness to give his opinion on questions of fact requiring no expert knowledge when the opinion involves the very matter to be determined by the jury, and the facts are capable of being presented to the jury on which the witness founds his opinion.

For the error noted, therefore, the judgment is reversed, and the case remanded for a new trial.

Rudkin, C. J., Gose, and Morris, JJ., concur.

Chadwick, J. (dissenting)—In my judgment, the competency of the man Ferguson to handle powder was a question calling for opinion evidence. It was an act requiring skill and knowledge not possessed by the ordinary man. It will not be denied that, had his acts and conduct, running over a certain time or covering a series of events, been described to the jury, it would have been competent to take the opinion of experts upon a hypothetical question based upon the evidence. This being true, I can see no reason why the opinion of those who had testified to his acts should be rejected, it

appearing that they had witnessed his conduct and knew the proper use of powder. I am not losing sight of the distinction between carelessness or negligence and incompetency. If the case involved the question of Ferguson's negligence only, the decision of the majority would be right. Proof of a single act, though showing negligence or carelessness, would not prove incompetency so as to charge the master, whatever the opinion of others might be. Further than this the citations from Mr. Thompson's work on Negligence and Cyc. do not go. The rule of this case would, in my judgment, shut off all expert testimony or opinion evidence on the question of the competency or incompetency of the servant, leaving it open to the speculations of the jury, with no fixed standard by which its judgment could be measured.