GEORGE S. FITCH *v.* OLIN H. BEMIS.

January Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed February 5, 1935.

*Herbert · H. Blanchard* and *James Brownlee* for the defendant.

*Louis G. Whitcomb* for the plaintiff.

POWERS, C. J.   This suit grows out of an automobile collision which occurred on the cement road between Proctorsville and Ludlow, in the town of Cavendish, on the evening of July 29, 1931.   A jury trial in the court below resulted in a verdict for the plaintiff, and the defendant excepted.   The evidence was sharply conflicting, but in its aspect most favorable to the plaintiff warranted findings of the following tenor:

The plaintiff, who was proceeding toward Ludlow, had just passed a car parked on the highway, and had swung back on to his proper side of the road, when the defendant came rapidly around a corner and smashed into the plaintiff's car, badly wrecking it.

During the trial, the defendant offered to show that immediately after the accident, a motor vehicle inspector arrested the plaintiff on a charge of operating a motor vehicle while under the influence of intoxicating liquor, and of operating such a vehicle in a careless and negligent manner.   This was excluded and the defendant excepted.

Standing alone, the offered evidence was purely hearsay and inadmissible.   The mere fact that one is arrested on a certain charge is inadmissible, since it is as consistent with innocence as with guilt, and to receive it would be to accept a fact based upon someone's say-so as to the person's guilt.   2 Wig. Ev. § 982.   The arrest neither evidences the person's guilt, nor does it discredit him as a witness.   *State* v. *Sanderson*, 83 Vt. 351,

353, 75 Atl. 961; *State* v. *Hogdon,* 89 Vt. 148, 150, 94 Atl. 301; *Paska et al.* v. *Saunders et al.;* 103 Vt. 204, 213, 153 Atl. 451.

The *res gestae* rule, however, is firmly embedded in the law of evidence as applied in this jurisdiction. But as Dean Wigmore points out, the term *"res gestae"* is somewhat overworked, and is not always applied with accurate discrimination. 3 Wig. Ev. § 1745. So far as we are now required to go into the subject, two phases of the doctrine are or might be here involved.

There are certain circumstances in which spontaneous exclamations of an actor or a bystander are admitted as evidence of the facts indicated thereby. This accident might have presented a typical case for the application of this rule, had an eye-witness of the collision made such an exclamation. Though in its application, the rule usually has to do with verbal expressions, it is not limited thereto. An act, if sufficiently indicative of a mental conclusion, is equally admissible, if the essential circumstances exist. But the defendant cannot rely upon this phase of the rule, for his offer did not go far enough. It did not indicate that the arresting officer was an eyewitness of the collision. So there was no "exciting occasion" to shock him into action.

So, too, when an act material to the issue, but equivocal in character, is shown, statements or acts accompanying it and characterizing and giving legal signifiance to it, may be shown as a part of the *res gestae. Comstock's Admr.* v. *Jacobs,* 89 Vt. 133, 143, 94 Atl. 497, Ann. Cas. 1918A, 465. But in that case (page 144 of 89 Vt., 94 Atl. 497, 501), we approved the proposition that "to admit hearsay testimony simply because it was uttered at the time something else was going on is to introduce an arbitrary and unreasoned test and to remove all limits to principle." So the defendant cannot stand on this phase of the *res gestae* rule, for there was no equivocal act here to be characterized. The evidence as to why the collision happened was in dispute, but there was nothing equivocal about the conduct of either party. It was not a case for the admission of expert or opinion evidence, and there was nothing to justify the admission of the acts or statements of eyewitnesses or others indicating their judgment as to which party was to blame for the accident.

The defendant relies on *Segerstrom* v. *Lawrence,* 64 Wash. 245, 116 Pac. 876, 878. It was therein held that the fact that the defendant was arrested immediately after an automobile

accident was admissible as a part of the general transaction. The court cites no authority for this holding, and gives no reasons or argument to support it. We are not impressed with its soundness and decline to follow it.

The defendant argues a motion for a verdict made at the close of the evidence, but in this he is outside the record, which does not show it. But he did file motions to set aside the verdict on the same grounds as the motion for a verdict which he says he made, and saved exceptions when these were overruled.

██ But in support of these exceptions, the defendant fails to give the plaintiff the full benefit of his testimony. Likely enough, the evidence was in such shape as to quality or quantity to have justified the court in setting aside the verdict, which of course, was a matter within its discretion. But it certainly was not an abuse of discretion for the court to overrule the motion. The defendant argues here that the contributory negligence of the plaintiff appears from uncontradicted testimony. But this claim is refuted by the transcript. The plaintiff testified over and over that his car was wholly back on the right half of the road when the collision took place. The questions of negligence and contributory negligence were for the jury and the motions to set aside the verdict were properly overruled. The verdict was not excessive. Damages were assessed by the jury at $150. There was evidence from which the jury could have fixed the value of the car at $200 before the collision, and $25 after it.

*Judgment affirmed.*