[No. 32223.  *En Banc.*  July 17, 1953.]

LEONARD BILLINGTON *et al., Appellants,* v. R. B. SCHAAL *et al., Respondents.*[1]

*Kahin, Carmody & Horswill (Burton C. Waldo* and *John C. Huston,* of counsel), for appellants.

[1]Reported in 259 P. (2d) 634.

*William R. Thomas* and *Rode, Cook, Watkins & Orth,* for respondents.

HAMLEY, J.—This action arose as a result of a rear-end automobile collision which occurred on east Marginal way, in Seattle.

The accident occurred at eleven o'clock p. m. The streets were wet. There was little traffic. Both cars were traveling south in the same lane, and had reached a point near the traffic signal light opposite the main entrance to the administration building of the Boeing Airplane Company. This light changes between green and red at periodic intervals, without an intervening amber light. Leonard Billington was driving the forward vehicle, and R. B. Schaal was driving the rear vehicle.

According to Billington's version of how the accident occurred, the light changed from green to red when he was ninety to one hundred feet north of the traffic light. It was his testimony that he came to a gradual but complete stop at the north crosswalk, after giving the proper hand signal. According to him, his vehicle, after then remaining stationary a few seconds, was struck from the rear by Schaal's automobile and propelled forward to a point about even with the center traffic light.

According to Schaal's version, he was following about two car lengths behind Billington's vehicle as the two cars proceeded down the street. Schaal testified that Billington's automobile passed over the north crosswalk while the light was still green. Schaal stated that he therefore assumed that Billington intended to continue through the light and decided to do likewise. The accident occurred, according to Schaal, when Billington suddenly stopped just under the light as it turned red, affording Schaal no opportunity to stop or swerve.

Billington and his wife sued Schaal and the latter's wife. The jury returned a verdict for defendants. Judgment was entered accordingly. Plaintiffs appeal. Billington and Schaal will be referred to as if they were the only appellant and respondent.

Appellant assigns as error the failure to give his proposed instruction No. 10. This instruction reads as follows:

"You are instructed that the duty is upon the driver of a vehicle which is following another vehicle to keep such distance from the vehicle ahead of him, and to maintain such observation of the vehicle ahead of him, that by the exercise of reasonable care such emergency stop as may be dictated by ordinary traffic conditions may be safely made."

It was appellant's contention throughout the trial that respondent had been negligent in driving in such close proximity to the rear of appellant's automobile that respondent was unable to stop when confronted with an emergency which was reasonably to be anticipated. Evidence submitted by appellant tended to support this contention. The quoted instruction would have presented that theory of the case to the jury. It embodies a correct statement of the law. *Ritter v. Johnson,* 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270; *Larpenteur v. Eldridge Motors,* 185 Wash. 530, 55 P. (2d) 1064; *Cronin v. Shell Oil Co.,* 8 Wn. (2d) 404, 112 P. (2d) 824; *Miller v. Cody,* 41 Wn. (2d) 775, 252 P. (2d) 303.

Respondent does not deny what has just been said. He argues only that failure to give the instruction was not prejudicial. In support of this view, respondent asserts that appellant's theory of the case was adequately covered by instructions Nos. 12, 13, 16 and 20.

Instruction No. 12 was to the effect that a driver has the right to assume that other drivers will comply with the law, until he knows or should know to the contrary. No. 13 told the jury that it was the duty of a driver to keep a reasonably adequate lookout in view of existing circumstances and whatever dangers are reasonably to be apprehended. No. 16 advised that violation of an ordinance or statute by either driver would constitute negligence in and of itself, but that it was not necessary to show a violation of some specific ordinance or statute in order to establish negligence. No. 20 called attention to a Seattle traffic ordinance which requires drivers to keep a "safe distance" behind an imme-

diately preceding vehicle, and in no event to draw nearer to such vehicle than three feet.

It will be noted that No. 20 is the only one of these instructions which makes any specific reference to the duty of a following driver. That instruction refers only to the Seattle ordinance which states in general terms the duty of such drivers, with the one specific requirement that a distance of at least three feet be maintained. Neither this nor any other instruction advised the jury, as proposed instruction No. 10 would have done, regarding the following driver's duty to be prepared to meet emergencies which could reasonably be anticipated. As this went to the very heart of appellant's case, we believe that failure to give proposed instruction No. 10 was prejudicial error. See *Allen v. Hart*, 32 Wn. (2d) 173, 201 P. (2d) 145.

The cause must, for this reason, be remanded for a new trial. We have examined the other assignments of error relative to instructions given and refused, and find no error, except as to instruction No. 20-½. On the new trial, that instruction should be modified to make clear that, if the jury finds that appellant stopped in obedience to the traffic signal, he was not required to indicate his intention so to do, and that respondent would be negligent if his vehicle was traveling in too close proximity to the car ahead, due to failure on his part to exercise reasonable care. This would correctly correlate instruction No. 20-½ with proposed instruction No. 10.

The one remaining assignment of error relates to the exclusion of certain evidence offered by appellant. As this question may arise again on the new trial, we will consider the matter at this time.

While respondent (defendant) was putting on his case, he called as a witness a Seattle police officer who had arrived at the scene of the accident five or ten minutes after it occurred. On cross-examination, appellant offered to prove by this officer that on the night of the accident, after making the investigation, seeing the situation, and talking to the parties, the officer issued a citation to Schaal for following too closely. The offer was refused.

■ Appellant did not advise the trial court, nor has he told us, the purpose for which this testimony was offered. If it was offered for the purpose of establishing the truth of the facts alleged in the complaint, i. e., that Schaal was following too closely, it was clearly inadmissible. Even a conviction resulting from issuance of the citation could not be be shown for that purpose, though if it were based upon a plea of guilty, the plea might be shown as an admission against interest. *Reynolds v. Donoho*, 39 Wn. (2d) 451, 454, 236 P. (2d) 552. See, also, *Burbank v. McIntyre*, 135 Cal. App. 482, 27 P. (2d) 400. But a mere arrest or citation has still less relevancy with respect to the truth of the facts in issue, since it is quite consistent with innocence. 3 Wigmore on Evidence (3rd ed.) 545, § 980a. See *Lundberg v. Baumgartner*, 5 Wn. (2d) 619, 106 P. (2d) 566; *Paul v. Drown*, 108 Vt. 458, 189 Atl. 144, 109 A. L. R. 1085; *Coyne v. United States*, 246 Fed. 120; *Burbank v. McIntyre, supra.*

■ While an arrest or citation might be said to evidence the on-the-spot opinion of the traffic officer as to respondent's negligence, this would not render the testimony admissible. It is not proper to permit a witness to give his opinion on questions of fact requiring no expert knowledge, when the opinion involves the very matter to be determined by the jury, and the facts on which the witness founds his opinion are capable of being presented to the jury. *Johnson v. Caughren*, 55 Wash. 125, 104 Pac. 170; *Bruenn v. North Yakima School Dist.*, 101 Wash. 374, 172 Pac. 569. The question of whether respondent was negligent in driving in too close proximity to appellant's vehicle falls into this category. Therefore, the witness' opinion on such matter, whether it be offered from the witness stand or implied from the traffic citation which he issued, would not be acceptable as opinion evidence.

■ On the other hand, if the purpose in offering this evidence was to impeach the credibility of Schaal (who had already testified as an adverse witness) by showing a previous act of misconduct, it was inadmissible for another reason. The general rule is that, except by showing a prior conviction, a witness may not be impeached by showing

specific acts of misconduct. *State v. Emmanuel, ante* p. 1, 253 P. (2d) 386.

Where, as here, the offense charged has direct relation to the transaction in issue, some courts permit (while others disallow) such evidence, where it is relevant to show bias or interest on the part of the witness. See 149 A. L. R. 935; 20 A. L. R. (2d) 1421, 1446, annotations. Such evidence would be relevant for this purpose only in a situation where the witness sought to be impeached was someone (other than a party in the civil suit) who had received the citation and whose testimony against a party in the suit could be said to be for the purpose of exculpating himself from the charge, thus evidencing interest or bias. This is not the situation here, and we need not now decide whether the offered evidence would be admissible for such purpose in this jurisdiction.

Nor need we decide whether evidence of this character would be admissible for the purpose of showing that the traffic officer had, by issuing the citation, indicated a previous understanding of the facts different from that to which he testified at the trial. If there was here any variance, unfavorable to appellant, between the officer's testimony at the trial and his view of the facts immediately after the accident, it related only to the position of the cars after the impact. Any such variance was fully developed by appellant, on cross-examination, by comparing the officer's indicated location of the cars on the map used at the trial with his indicated location on the diagram which he prepared as a part of his traffic report. The traffic citation had nothing to do with this variance, such as it was, but related only to the proximity of the vehicles while traveling down the street.

Appellant relies on two decisions of this court: *Segerstrom v. Lawrence*, 64 Wash. 245, 116 Pac. 876, and *Reynolds v. Donoho, supra*. In the *Segerstrom* case, the plaintiff, a pedestrian, sued to recover damages for personal injuries sustained when he was struck by an automobile driven by defendant. Concerning the question now before us, we said in that opinion:

"The arrest of the appellant, and the request of a by-stander that the appellant take the respondent home in his automobile, occurred immediately following the accident and were properly shown as part of the general transac-tion." (p. 248.)

The reference to "the general transaction" would indicate that the objection which was there under consideration was a possible violation of the hearsay rule, and the *"res gestae"* exception thereto. There is no doubt that hearsay inheres in evidence of this kind, since issuance of the traffic citation was based partly upon information gained by the officer in talking to witnesses at the scene of the accident. See 3 Wigmore on Evidence (3rd ed.) 545, § 980a. The *Segerstrom* case seems to hold that the *res gestae* exception is applicable in such a situation. This view, and our expression thereof, have since been disapproved by another court. *Fitch v. Bemis,* 107 Vt. 165, 177 Atl. 193.

We need not here decide whether we would now adhere to that view, for even if the evidence is not objectionable as being hearsay, the other objections above referred to remain. The *Segerstrom* decision does not indicate that any consideration was given to these other objections. In *Reynolds v. Donoho, supra,* p. 454, it was stated that "we are not prepared at this time to overrule" *Segerstrom v. Lawrence.* We are now prepared to do so.

In so far as *Segerstrom v. Lawrence* may be taken to mean that, in a subsequent civil action, an arrest or issuance of a traffic citation in connection with the transaction in issue may be shown for the purpose of proving any fact in connection with the transaction, or to impeach a witness by showing a previous act of misconduct, that decision is expressly overruled.

The trial court did not err in rejecting the offer of proof.

Because of the errors noted with respect to other assignments of error, the judgment is reversed and the case is remanded, with directions to grant appellant a new trial.

MALLERY, SCHWELLENBACH, DONWORTH, FINLEY, and WEAVER, JJ., concur.

HILL, J. (concurring)—I concur in the result for the reasons stated in the majority opinion, but I do not concur in the statement that there were no errors in the instructions except as indicated in the majority opinion. Respondent Schaal's own testimony was that Billington's sudden stop made the collision inevitable, and it is my view that that testimony made inapplicable the usual emergency instruction as given by the trial court. That instruction implies a choice of conduct when instant action is required to avert a collision or injury. There was no choice available, hence no reason for the emergency instruction.

GRADY, C. J., and OLSON, J., concur with HILL, J.