ANDERSON, Respondent, v. SAUNDERS and another, Appellants.

*February 6—March 6, 1962.*

56

For the appellants there was a brief by *Everson, Whitney, O'Melia & Everson* of Green Bay, and oral argument by *James L. Everson.*

For the respondent there was a brief by *Boltz & Steinbrinck* of Green Bay, and oral argument by *Richard A. Boltz.*

HALLOWS, J. The questions on appeal are: Did the trial court err in admitting the evidence of the defendant's arrest; and if so, was the error prejudicial? The respondent claims no error was committed because the defendant had admitted to the officer she exceeded the legal speed limit and the question concerning the arrest was a natural consequence of that admission. It is also claimed the testimony was not prejudicial because the defendant's version of the accident was physically improbable and the evidence went to the negligence of the defendant only.

It was error to admit testimony regarding the arrest. Plaintiff was inquiring into the arrest for the purpose of establishing the negligence of the defendant. The officer did not arrest the defendant for speeding but for careless operation of a motor vehicle, which included the very issues in the case. But even if the defendant had been arrested for speeding, the evidence would have been immaterial. The fact a person is arrested upon a certain charge is as consistent with innocence as with guilt, and to admit the

arrest as evidence would be to accept the fact based upon the police officer's opinion as to the defendant's guilt. *Fitch v. Bemis* (1935), 107 Vt. 165, 177 Atl. 193; *Barge v. House* (1952), 94 Ohio App. 515, 110 N. E. (2d) 425; 3 Wigmore, Evidence (3d ed.), p. 545, sec. 980*a*. Nor does an arrest or a conviction constitute an admission of guilt. *Kelly v. Simoutis* (1939), 90 N. H. 87, 4 Atl. (2d) 868.

In auto negligence cases on facts similar to those at bar, it has been held the admission of testimony of arrests,[1] of convictions,[2] or of filing a complaint by a police officer,[3] is not only error but prejudicial error requiring reversal. We hold admitting the testimony of the police officer concerning the arrest of the defendant was prejudicial. The two versions of how the accident happened were in sharp contradiction. Inconsistencies and improbabilities existed in both versions. The issues made would tax the ingenuity of the average jury and would resolve themselves into a question of credibility. This testimony was not merely cumulative. The effect of allowing the police officer to testify concerning the arrest was the equivalent of telling the jury, in his opinion, the defendant was at fault and the plaintiff was not. This is opinion evidence on the very question the jury was to decide, which may well have been the deciding fact in the jury's rejection of the defendant's version of the accident.

The respondent relies for an analogy on *Winston v. Weiner* (1958), 2 Wis. (2d) 584, 87 N. W. (2d) 292, in

---

[1] *Landt v. Kingsway Equipment Leasing Corp.* (1956), 159 N. Y. Supp. (2d) 453; *Fitch v. Bemis, supra; Paul v. Drown* (1937), 108 Vt. 458, 189 Atl. 144; *Barge v. House, supra; Burbank v. McIntyre* (1933), 135 Cal. App. 482, 27 Pac. (2d) 400; *Lincoln Taxi Co. v. Rice* (Ky. 1952), 251 S. W. (2d) 867.

[2] *Moseley v. Ewing* (Fla. 1955), 79 So. (2d) 776; *Kelly v. Simoutis, supra; Walther v. News Syndicate Co.* (1949), 276 App. Div. 169, 93 N. Y. Supp. (2d) 537.

[3] *Reffelt v. Brooklyn Daily Times* (1920), 191 App. Div. 923, 181 N. Y. Supp. 951.

which this court held the error of the trial court in finding, as a matter of law, the driver of an automobile was negligent as to lookout was not prejudicial because the jury found him causally negligent in two other respects and the driver of the other car not negligent. The principle of the *Winston Case* that the error would go only to the negligence of the defendant in view of the finding of no negligence on the plaintiff's part is not applicable. Here, the error embraced all the respects in which the negligence question was submitted and was of such a nature which, upon the conflicting testimony, would affect the question of the respondent's negligence.

The second question raised on appeal is whether the testimony given by the police officer of the plaintiff's version of the accident, which was later stricken as being erroneously admitted as part of the *res gestae,* was prejudicial in view of the fact the jury was instructed to disregard it. If this were the only question in the case, we would have some hesitancy in granting a reversal on the ground of prejudice, although we must point out an officer of law enforcement testifying as to the plaintiff's version of an accident, which version is in contradiction to the defendant's version, probably carries more weight with the jury than the testimony of a layman. In view of the fact we believe the admission of testimony concerning the conviction was prejudicial error, we need not rest the case on this point.

The appellants claim the damages are excessive. On motions after verdict, the trial court stated in its memorandum opinion it would have been much better satisfied had the jury found a lesser amount of damages for pain and suffering, and the amount found was generous and liberal but not necessarily excessive. This statement rests upon the trial court's belief the admission of the officer's testimony was not prejudicial. Taking the trial court's statement concerning the amount of damages awarded, it is at least so high, if

not excessive, as to indicate the jury might well have been influenced by the error. See *Smedley v. Milwaukee Automobile Ins. Co.* (1961), 12 Wis. (2d) 460, 107 N. W. (2d) 625. This indication is strengthened by the fact the jury did award excessive damages for loss of income which were reduced by the court on the defendants' motion. We believe a new trial should be granted on all issues.

*By the Court.*—Judgment reversed, and a new trial granted on all issues.