[No. 1035.. Decided March 28, 1894.]

## THE STATE OF WASHINGTON, *Respondent*, v. DOMINICO COELLA, *Appellant*.

CRIMINAL LAW — QUALIFICATION OF JUROR — EVIDENCE — CONCLU-SIONS OF WITNESS — CONFESSIONS — FAILURE OF STATE TO CALL WITNESS — VIEW OF PREMISES — INSTRUCTIONS — EXCEPTIONS.

A juror in a murder trial is not disqualified by the fact that he had heard what purported to be the facts relative to the killing from several persons soon after its occurrence, when he testifies that he could disregard any impression received therefrom, and try the case fairly upon the evidence.

The refusal of the court to permit an answer to a question, which merely asks for a conclusion of the witness, is not erroneous.

In a prosecution for murder, where the plea of self defense is set up, the admission in evidence of the statement of defendant that he killed the deceased is harmless error, though the confession was made as the result of fear produced by threats, when no further particulars than the mere killing are wrung from the defendant while under the influence of fear.

Proof of the reason why the state does not, in a second trial of a criminal case, call a witness who testified for the prosecution upon a former trial, is immaterial.

It is not error for the court to refuse to instruct the jury to find a verdict of not guilty in a prosecution for murder, when the state has proved the killing by defendant of deceased, the weapons used, and the condition in which the body was found; and has shown a motive for the killing.

Where there is no material controversy with regard to the premises where a homicide has been committed, it is not error to refuse to allow the jury to view the scene.

In a prosecution for murder, where the theory of the state is that the motive for the crime was robbery, it is not error to sustain an objection to the question as to what was the largest sum deceased ever had in the bank at any time, although the object of such testimony is to show the habit of deceased to keep his money in bank and not in his room.

In such cases it is not error for the court to refuse to charge the jury that at the time of the killing of deceased he was indebted to defendant in a large sum of money, where there is no controversy over the indebtedness.

The refusal of the court to allow counsel to except orally in the presence of the jury to the instructions given is not error.

*Appeal from Superior Court, Island County.*

*John Fairchild, Daniel Kelleher,* and *Del Cary Smith,* for appellant.

*R. W. Jennings,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

SCOTT, J.— This case was here once before, and was reversed and remanded for a new trial. 3 Wash. 99 (28 Pac.

28). A change of venue was taken to Island county, and on a re-trial the defendant was convicted of murder in the second degree; whereupon he prosecuted this appeal. The errors complained of in appellant's brief, which were not waived at the oral argument, are as follows:

That the court erred in not sustaining the defendant's challenge to one of the jurors. This juror had heard what purported to be the facts relative to the killing of Deletis from several persons soon after it occurred. He, however, testified that he could disregard any impression he had received therefrom, and try the case fairly upon the evidence. After a somewhat full examination relating to his competency to sit as a juror, the court found that he was qualified, and we think the finding is justified by the testimony.

The next point complained of was the refusal of the court to permit an answer to the following question asked by defendant's attorney: "From the looks of things when you arrived there, was there anything about the appearance of the things in the room that would indicate that a scuffle had taken place there?" There was no error in this; it was merely asking for a conclusion of the witness. It was for the witness to state the condition of the room, etc., and for the jury to draw the conclusion.

The next matter complained of is with reference to the confession made by defendant that he killed Deletis, detailing the circumstances. A somewhat different state of facts is presented in this particular from that which was shown by the record on the former appeal. This is due in a measure to the fact that the testimony was taken by a stenographer at the last trial, and the parties had the benefit of his notes in making up the record, which was not the case on the former appeal. It is now contended by the defendant that this confession is inadmissible, for the reason that it clearly appears that the same was made under the influence of fear produced by threats. It now

appears from the testimony of the witness Jones, who was called by the state, that upon approaching Coella immediately after the shooting, the witness and Delaney had pistols in their hands, which were kept pointed at the defendant; that the witness placed his left hand upon the defendant, and held his pistol in his right hand, pointed at Coella's head, or body; that the defendant said: "Please, Mr. Tommy, don't kill me; I want to tell you the truth;" that at this time the defendant was sitting down; that the witness asked him who killed Deletis, and the defendant answered that he killed him. It appears that the defendant was very much excited at this time, and was afraid of being killed by the parties present. While it does not appear that he was threatened by word of mouth, we agree with counsel for appellant that such a confession might be induced through fear occasioned by the acts of other parties, and it fairly appears that such was the case here. Nevertheless we do not think there is any error in the premises, for the reason that, at this particular time, the defendant only admitted that he killed Deletis, a fact which he at no time disputed. The theory of the defense was self-defense. The balance of the confession, wherein he detailed the manner of the killing, was made some considerable time after this, while the parties were on their way to Port Townsend, and after they had stopped for a short time at a wayside inn, and after the defendant had become composed in mind, and understood he was not in danger of immediate harm, but had been arrested for the purpose of placing him on trial for the killing of Deletis. The material facts in the confession made by him over which any controversy could or did arise were related at this time, and, under the circumstances, we think the confession was admissible in evidence, and the first statement made by him relative to the killing of

Deletis, which was made at the time the pistols were pointed at him, worked no injury and was harmless.

It is contended that the court erred in admitting the trunk and its contents in evidence, and also in admitting the gun, exhibit D.  It is contended that the trunk was not admissible for the reason that a portion of its contents, consisting of watches, jewelry, and $90 in gold, had been removed, and were not produced .at the trial, and that it was error to admit the gun, for the reason that it was in no way connected with the killing.  We see nothing in this, however, which could have resulted in any harm to the defendant.  The trunk had been identified, and its contents fully accounted for by the testimony introduced, and the gun, together with the mallet with which the defendant admitted he struck the deceased, were part of the contents of the trunk.

The witness Kunkler was not called by the state at the last trial.  The defendant called him, and sought to show by him that the reason he was not called by the state was that he would give testimony favorable to the defendant, and he was asked by defendant's counsel whether, after he had testified for the state at the former trial, one of the parties interested in the prosecution had found any fault with his testimony.  This was objected to and excluded. It is contended that it was the duty of the prosecution to place Kunkler on the stand, and also that it was error for the court to refuse to permit the aforesaid question to be answered.  But we do not think the state was bound to call Kunkler, and the reason why the state did not call him was wholly immaterial.  He was present, and the defendant could have examined him with reference to his knowledge of the circumstances connected with the crime charged, and thus have secured the benefit of his testimony.

It is contended that the court erred in refusing to instruct the jury to find a verdict of not guilty, on the ground

that the state had failed to prove the material allegations of the indictment. We think there was testimony introduced in support of all the material matters alleged, and that there was no error in this particular. The particular error complained of with reference to this is, that the jury found by its verdict that the killing was not premeditated, and in order to convict of murder in the second degree there must have been evidence of a malicious killing sufficient to convince them beyond a reasonable doubt. It is contended that there was not sufficient evidence to prove malice. In our opinion the evidence was sufficient to sustain a conviction of murder in the first degree in this particular. The manner of the killing, the weapons used, and the condition in which the body was found, were all shown; also a motive for the killing. He confessed that he hit Deletis on the head with a mallet, and cut his throat three times. This instruction was requested when the state had rested its case in chief, and under the testimony it was properly denied.

It is contended that the court erred in not allowing the jury to view the scene of the alleged homicide. This was a matter which was within the discretion of the trial court, and there does not appear to have been any abuse. A full description of the premises had been given in the testimony, and there does not seem to have been any material controversy with regard to the situation.

It is contended that it was error on the part of the state not to call one Thaggard as a witness, who had testified at the coroner's inquest; and, in connection therewith, that the court erred in instructing the jury as follows:

"I further instruct you, gentlemen of the jury, that you are to decide this case according to the evidence that has been introduced before you, and according to the instructions I have given you, and not according to what evidence might have been introduced and was not introduced, and not in accordance with any statements made by counsel

where those statements are not borne out or warranted by the facts introduced, if they are not so borne out or warranted."

It is contended that this instruction was erroneous in telling the jury that they were to decide the case "not according to evidence which might have been introduced, and was not," on the ground that it would lead the jury to believe that the state had a right to conceal testimony, and would deprive the defendant of whatever inference might be drawn against the state from its failure to have present and produce a witness who could give testimony with reference to the charge. Thaggard, however, was a witness at the trial for the defendant, and the defendant had the benefit of his testimony.

The next matter complained of is, that the court erred in sustaining the objection to the question as to what was the largest sum of money Deletis ever had in the bank at any time, as such testimony was offered for the purpose of showing that it was the habit of the deceased to keep his money in the bank, instead of in his room, and as tending to dispute the theory of the state that the crime was committed by the defendant for the purpose of robbery. The question, however, was irrelevant. It is immateria how much money Deletis ever had in the bank at any one time. It is too indefinite for the purpose offered, and could not have any legitimate bearing.

At the conclusion of the judge's charge the defendant wanted to except orally thereto in the presence of the jury, and the court refused to permit him to do so, saying he would not allow him to take his exceptions until after the jury had retired. We think the court ruled properly in refusing to allow the defendant to take his exceptions in the presence of the jury. There was nothing to prevent the defendant from taking his exceptions in writing while the charge was being given, and submitting the same to

the court, and it appears he did take all the exceptions he desired to orally after the jury had retired. The only purpose under the appellant's theory that could be served in taking the exceptions orally in the presence of the jury would be to influence the jury thereby, and such influences should be prevented.

It is further contended the court erred in refusing to instruct the jury that at the time of the alleged killing the deceased was indebted to the defendant in the sum of $1,-350. There was no controversy as to this indebtedness, and evidence of a judgment obtained by Coella against the estate of Deletis therefor had been admitted. A refusal to give the instruction could not have worked injury to the defendant, whether he was entitled to it or not.

The case, on the whole, was apparently carefully tried, and we find no error therein.

Affirmed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.