EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ PÉREZ BARROS, acusado y apelante.

No. 3896.—*Sometido:* Noviembre 20, 1929. *Resuelto:* Marzo 27, 1930.

*J. L. Rodríguez Cancio y Ángel A. Vázquez,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Al terminarse un juicio en la corte de distrito, el juez manifestó que la ley y los hechos estaban en contra del acusado, y lo declaró culpable del delito de portar armas.

Hubo dos cuestiones de derecho y dos de hecho. La prueba del fiscal tendió a demostrar que el acusado portaba el arma en un camino público que parte de un hospital municipal a través de la finca del acusado en dirección a Las Marías. La prueba de la defensa tendió a demostrar que el arma, un revólver, había sido dejada con un armero en Mayagüez, siendo reparada y devuelta por él acompañada de una carta; que el paquete había sido dejado por un mensajero en la casa de un inquilino; que el acusado, al regresar de la ciudad a su hogar, se detuvo en la casa del inquilino, abrió el paquete, guardó la carta en un bolsillo y el revólver en otro, y fué arrestado en su propia finca mientras se dirigía a su casa, que estaba a corta distancia del sitio en que recibió el paquete.

Hubo algún conflicto en la prueba respecto a si el acusado se hallaba en la carretera en el momento del arresto. Un policía declaró haber detenido al acusado mientras éste se hallaba en la carretera, y que la misma era una vía pública. El apelante cita el caso de *El Pueblo* v. *Díaz*, 37 D.P.R. 456, en apoyo de la contención de que la declaración del policía respecto a la naturaleza pública del camino era una mera conclusión de derecho o una opinión del testigo. Las declaraciones del inquilino, del armero, del mensajero y del acusado en cuanto a la manera en que el revólver fué remitido de Mayagüez y entregado al acusado, no fueron controvertidas. La carta que se dice haber sido escrita por el armero e incluída por él en el paquete con el revólver fué rechazada al oponerse el fiscal por ser prueba fabricada por la parte que la presentó (*self-serving evidence*).

Desde luego que la carta pudo haber sido escrita después

del arresto y en cualquier momento antes del juicio. Pueden ser falsas todas las declaraciones en torno a la misma y con respecto a la reparación del revólver y a la forma en que fué enviado de Mayagüez a Las Marías y recibido por el acusado. Estas eran cuestiones a ser determinadas por el juez sentenciador al apreciar toda la prueba. El documento fué ofrecido en evidencia después de haber sido identificado como una carta escrita por el armero, en la cual él acusa recibo de $1.50 por la reparación del revolver y manifestaba que lo estaba enviando al acusado con Felipe Lavergne. El armero también había declarado que el arma ya identificada como la portada por el acusado era el revólver reparado por el testigo y a que se hace referencia en la carta. Otros testigos ya habían declarado respecto a la entrega hecha en el transcurso de la tarde por parte de Lavergne al inquilino, del paquete conteniendo la carta y el revólver, y por el inquilino al acusado en la noche del mismo día, pocos minutos antes del arresto del acusado. La corte inferior erró al negar la admisión de la carta por considerarla evidencia fabricada por la misma parte que la presentó.

Si fuese cierto que el acusado iba para su casa con un revólver después que el mismo había sido reparado y devuéltole por un armero, él no estaba portándolo como arma, y no era culpable de delito alguno, estuviera o no en un camino público. 8 R.C.L. 288, párrafo 309; *El Pueblo* v. *Borges,* 23 D.P.R. 524, y casos allí citados. Si fuera de todo punto claro que el juez de distrito resolvió esta cuestión de hecho en forma adversa al acusado, no estaríamos dispuestos a alterar el resultado. El juez de distrito pudo haber querido decir, sin embargo, que tanto la ley como los hechos estaban en contra del acusado en cuanto al carácter público del camino y a si él estaba o no en la carretera en aquel momento, y, como se ha resuelto en otros casos, que la cuestión de intención era impertinente, o, en otras palabras, que el acusado era culpable irrespectivamente del fin con que por-

taba el arma según lo reveló la prueba no contradicha de la defensa. Véase 8 R.C.L., *supra*. Parece justo darle al acusado el beneficio de cualquier duda que pudiera haber sobre este extremo.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*