PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN MALDONADO GARCÍA, Defendant and Appellant.

No. 4902. Decided December 14, 1933.

*Arturo Aponte* for appellant.   *R. A. Gómez, Fiscal*, for appellee.

ON MOTION FOR REHEARING

Mr. Justice Wolf delivered the opinion of the Court.

This was a case where from the evidence the jury had a complete right to find the defendant guilty of murder in the second degree.   Indeed, if the case was properly submitted to the jury, we did not and do not see how a verdict for anything less than murder in the second degree could have been reached.

Therefore, if counsel wishes us to notice errors that are not fundamental he must comply with the rules.   We shall otherwise give no attention to errors not duly assigned, especially where the facts are not properly stated.

Counsel for appellant is under a misapprehension.   Definitely we do not desire that all the facts be recapitulated in the brief but only enough of them to show the essential circumstances of the crime.   We showed in our opinion how briefly the facts might be stated and suggested such a form to counsel.   The defendant would not necessarily take the point of view reached by a condemning court, but in this case he could confess the shooting and then set up the ulti-

mate facts that constituted self-defense or lowered the degree of the crime. Distinctly we did not intimate that all the facts should be recited.

Some of the assignments of error should have been more specific, but we do not recall a criminal case where we have affirmed a judgment on this ground, although sometime we may do so. Counsel owe it to the court to show briefly in their assignments the question raised.

For example, counsel could have said that the court erred in its instruction about flight when there was no evidence of any flight. To say that the court instructed the jury on an imaginary flight, while an approximation, may only be a characterization of the appellant.

One of the principal grounds of our affirmance was the failure of the appellant so to note exceptions to the instructions as to give the court a chance to correct its errors before the jury retired. It is in the interest of defendant himself that the jury should be properly told of the law governing the facts. At a trial, costly as it is, the court, to avoid reversals, must have due opportunity to give a fair chance to the defendant.

Reading the jurisprudence contained in the cases cited in 16 C. J. 1070, sec. 2514, one will find that in the great majority of the states exceptions should be noted before the jury retires. Washington has a different rule but there the court is given an opportunity to recall the jury to correct errors. *State* v. *Vance,* 29 Wash. 435, 70 Pac. 34; *State* v. *Coella,* 8 Wash. 512, 36 Pac. 474; 16 C. J., *supra.* In no case may the exception be noticed solely on appeal. Again, it is better for a defendant to have the instructions corrected before the jury retires, so that the jury may not commence its deliberation under an erroneous or unfavorable impression. Our own statute permits the notice of fundamental errors.

In Puerto Rico, according to our reading of the statutes, the rule is that exceptions should be noted before the jury retires. We see no reason to change our idea that under

section 300 of the Code of Criminal Procedure it is only the prayers presented by defendant and submitted before the jury retires that should be considered as excepted. These the court has an opportunity to weigh.

The foregoing comments cover the failure to instruct about manslaughter, but we are convinced that there was no real issue in the court below on manslaughter *vel non*. The appellant raised there the issue of self-defense. We find little or nothing that showed a sudden passion or the like. The little that existed could fall under the doctrine that when the whole evidence pointed to a higher degree a failure to instruct on a mere scintilla of evidence favorable to the idea of manslaughter would not be prejudicial and would not justify a reversal.

The other matters raised in the motion fall under the general considerations of our original opinion and this one and need no further discussion.

The motion will be overruled.