EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN MALDONADO GARCÍA, acusado y apelante.

No. 4902.—*Resuelto:* Diciembre 14, 1933.

*Arturo Aponte,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado
de El Pueblo, apelado.

EN MOCIÓN DE RECONSIDERACIÓN

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un caso en que por la prueba el jurado tenía pleno
derecho a declarar al acusado culpable del delito de asesinato
en segundo grado. En realidad si el caso fué debidamente
sometido al jurado, no vimos ni vemos ahora cómo éste pudo
llegar a un veredicto por un delito menor que el de asesinato
en segundo grado.

Por consiguiente, si el letrado desea que notemos
errores que no son fundamentales, deberá cumplir con el re-
glamento. De lo contrario no prestaremos atención a errores
que no han sido debidamente señalados, especialmente cuando
no se exponen los hechos en debida forma.

El letrado del apelante está bajo una impresión
errónea. Definitivamente no deseamos que se haga una reca-
pitulación de todos los hechos en el alegato, sino solamente
de los que basten para demostrar las circunstancias esenciales
del caso. En nuestra opinión demostramos la brevedad con
que podían exponerse los hechos y sugerimos tal forma al
letrado. El acusado no tiene necesariamente que adoptar el
criterio a que ha llegado una corte sentenciadora, mas en este
caso podía confesar haber hecho los disparos y entonces ale-
gar los hechos finales (*ultimate*) que constituían defensa

propia o que aminoraban el grado del delito. Enfáticamente no dijimos que todos los hechos debían ser expuestos.

■ Algunos de los señalamientos de error debieron ser más específicos, pero no podemos recordar un caso criminal en que hayamos confirmado una sentencia por este motivo, aunque en alguna ocasión podamos hacerlo así. Los letrados están en el deber de demostrar a la corte concisamente en sus señalamientos de error la cuestión planteada.

Por ejemplo, el letrado pudo haber dicho que la corte cometió error al transmitir su instrucción sobre fuga cuando no hubo prueba de ninguna fuga. El decir que la corte instruyó al jurado sobre una fuga imaginaria, aunque sea una aproximación, puede ser tan sólo una caracterización del apelante.

■■ Uno de los motivos principales que tuvimos para confirmar la sentencia fué el haber dejado el apelante de anotarse excepciones a las instrucciones de la corte en tal forma que diera a ésta la oportunidad de corregir sus errores antes que el jurado se retirara. Está en interés del acusado mismo que el jurado sea adecuadamente informado de la ley que gobierna los hechos del caso. En un juicio, costoso como es, para evitar revocaciones, la corte debe tener ocasión debida de dar al acusado una oportunidad razonable.

Leyendo la jurisprudencia contenida en los casos citados en 16 C. J. 1070, sección 2514, se hallará que en la gran mayoría de los estados deben anotarse las excepciones antes de que el jurado se retire a deliberar. El Estado de Washington tiene una regla distinta, mas allí se da la oportunidad a la corte de llamar nuevamente al jurado para corregir errores. *State* v. *Vance,* 29 Wash. 435, 70 Pac. 34; *State* v. *Coella,* 8 Wash. 512, 36 Pac. 474; 16 C. J., supra. En ningún caso puede la excepción ser considerada únicamente en apelación. Además, es mejor para un acusado que las instrucciones sean corregidas antes que el jurado se retire a deliberar, a fin de que éste no comience sus deliberaciones bajo una impresión

errónea o desfavorable. Nuestro propio estatuto permite que se anoten errores fundamentales.

Según la lectura que hemos hecho de los estatutos, en Puerto Rico la regla es que las excepciones deben ser anotadas antes de retirarse a deliberar el jurado. No vemos razón alguna para cambiar nuestro criterio de que de conformidad con el artículo 300 del Código de Enjuiciamiento Criminal tan sólo las instrucciones solicitadas por el acusado y sometidas a la corte antes del jurado retirarse a deliberar deben ser consideradas como excepcionadas. La corte tiene la oportunidad de apreciar éstas.

Los comentarios que anteceden cubren el haberse dejado de dar instrucciones sobre el delito de homicidio, mas estamos convencidos de que no hubo una verdadera controversia en la corte inferior sobre homicidio *vel non*. El apelante suscitó allí la cuestión de defensa propia. Muy poco o casi nada hallamos que demuestre un arrebato de cólera o algo similar. Lo poco que existía podía caer dentro de la doctrina de que cuando toda la prueba tiende a demostrar un delito mayor, el dejar de instruir fundándose en un ápice de prueba favorable a la idea de homicidio, no sería perjudicial y no justificaría la revocación.

Las otras cuestiones suscitadas en la moción caen dentro de las consideraciones generales de nuestra opinión original, así como de ésta, y no necesitan ulterior discusión.

*Debe declararse sin lugar la moción.*