EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO ROMÁN CABÁN, acusado y apelante.

No. 5133.—*Sometido:* Noviembre 22, 1933. *Resuelto:* Enero 26, 1936.

*Luis A. Rosario,* abogado del apelante; *R. A, Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El acusado fué convicto de incendio malicioso con arreglo al artículo 407 del Código Penal, por haber pegado fuego a una pieza de caña como de 1½ cuerdas.

■■ El apelante sostuvo que la acusación era insuficiente por no alegar que la pieza de caña valía más de $50. El estatuto dispone:

"Toda persona que voluntaria y maliciosamente quemare algún puente de valor de más de cincuenta dollars, o cualquier edificio o embarcación que no fuere materia de incendio malicioso o tabaco, o ranchón de tabaco, o cualquiera plantación creciente o por cosechar, pasto o árbol o cualquiera cerca, no perteneciente a dicha persona, incurrirá en pena de presidio por uno a diez años."

La corte inferior resolvió que los cincuenta dólares mencionados en ese artículo sólo se referían a puentes, o sea, el primer objeto especificado en el estatuto. Convenimos en que las palabras "cincuenta dollars" se aplican únicamente a puentes, y que no se fija valor para las demás cosas. Debió haber sido la intención de la Legislatura que podría imputarse el delito de incendio malicioso a cualquier persona que pegase fuego a cualquier propiedad designada en el estatuto, no importa cuál fuere su valor, con excepción, desde luego, de puentes.

La corte inferior resolvió esta cuestión en una forma algo más elaborada, y puede acudirse a su opinión.

■ De igual forma estamos enteramente satisfechos con el razonamiento de la corte de distrito al efecto de que el delito de incendio imputado en este caso no se divide en grados, y no era necesario hacer una mención específica de grado alguno.

■ El acusado asimismo se queja del proceder del jurado al venir a la corte en solicitud de que se le informara cuál era la pena máxima y mínima que podía imponerse. El apelante se esfuerza en demostrar que el jurado estaba prejuzgado en su contra al hacer esa solicitud a la corte, pero convenimos con el fiscal en que, por el contrario, el jurado parecía tener algunas dudas en favor del acusado. Además, si el jurado hace una petición indebida a la corte a causa de alguna idea errónea que pueda tener respecto a sus facultades o a cualquier otro extremo, sería deber del apelante de-

mostrar en forma más positiva cuál fué en realidad la idea del jurado. Hasta ahora se nos hace imposible imaginar que un error de esta clase de parte del jurado constituye motivo para anular el veredicto (*mistrial*).

■ Asimismo dudamos que el error haya sido debidamente señalado ante este tribunal, de acuerdo con la jurisprudencia que hemos sentado en *El Pueblo* v. *Maldonado*, 45 D.P.R. 417, y al resolver una moción para reconsiderar en el mismo caso, en 45 D.P.R. 915. En otras palabras, no bastaba decir:

"Que hubo un manifiesto error por parte del jurado al apartarse de sus deberes como jueces de hecho, y comportarse en forma tal, que el veredicto rendido no fué el resultado de una deliberación, sana, juiciosa, correcta y concienzuda."

La supuesta mala conducta del jurado debió ser expuesta más específicamente.

Los otros errores se refieren a la apreciación de la prueba y cabe aplicar la regla de que el veredicto no será generalmente revocado en apelación; y no hallamos error substancial alguno en las instrucciones de la corte.

*Debe confirmarse la sentencia apelada.*