EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ISABELINO MANDÉS MONTES, acusado y apelante

Núm. 6096.—*Sometido:* Mayo 28, 1936. *Resuelto:* Junio 3, 1936.

*Santiago Porrata Doria,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

El apelante fué denunciado ante la Corte Municipal de Guayama por el supuesto delito de portar sobre su persona un revólver calibre 38, en violación de las disposiciones del Artículo 1 de la Ley núm. 14 de 1924, (pág. 115).

Visto el caso en apelación ante la Corte de Distrito, ésta declaró al acusado culpable y le impuso la pena de un mes de cárcel. Contra esa sentencia se ha interpuesto el presente recurso.

Se alega como único fundamento para solicitar la revocación de la sentencia apelada, que ésta es contraria a la prueba y al derecho aplicable.

 Examinemos la prueba que aparece en la transcripción de evidencia unida a los autos.

El policía denunciante declaró que el día de autos oyó unas detonaciones que le llamaron la atención, por la calle Jobos; que miró hacia arriba y vió al acusado cuando se metió debajo de la ropa una cosa envuelta en un pañuelo; que siguió al acusado, se acercó a él, le vió un promontorio, se lo ocupó y era un revólver; que dicho revólver tenía humo de pólvora recién disparada, lo que indicaba que había sido disparado recientemente; y que cuando vió por primera vez al acusado fué frente al cafetín Vienés, en la calle Jobos, más arriba del taller de herrería de Girod.

El sargento de policía Andrés Carire declaró solamente que el acusado, al ser llevado al cuartel de la policía, admitió que el revólver le había sido ocupado por el policía denunciante; y que el revólver olía a pólvora.

Los testigos de descargo declararon:

Eugenio Viñas, herrero, empleado en la herrería Girod desde hace 38 años, declaró que el domingo 22 de septiembre de 1935 el acusado le trajo a su casa un revólver para componer; que él llevó el revólver al mecánico del taller; que al domingo siguiente, día 29 del mismo mes, el acusado fué a buscar su revólver; que el mecánico, para probar que el arma

estaba buena disparó un cartucho sin plomo, dentro de una cisterna que hay allí para probar las armas, y después de hecha esa prueba le entregó el revólver al acusado; que la prueba del revólver se hizo en su presencia; que hubo una detonación.

Canuto Robles, mecánico y armero del taller de Girod, corroboró en todas sus partes la declaración de Engenio Viñas e identificó el revólver presentado en evidencia por la acusación, como el mismo que él había reparado y que entregó a su dueño, el acusado, el día de autos.

Julio Rodríguez, declaró que acompañó al acusado a la herrería Girod a buscar un revólver que le estaban componiendo; que vió cuando le entregaron el revólver al acusado; que cuando regresaba con el acusado para Guamaní, que es donde vive dicho acusado, éste se detuvo a comprar un periódico y allí fué donde el policía le ocupó el revólver; que el acusado llevaba el revólver atrás y que parece que el guardia se fijó en el bulto y lo registró; que sabe que antes de entregarle el revólver al acusado lo probaron, haciendo un solo disparo; que no vió el disparo, pues él se quedó en la calle, pero que lo oyó.

Las declaraciones de los testigos de descargo no solamente no fueron controvertidas en manera alguna por la prueba del fiscal, sino que fueron corroboradas en su parte más esencial por las declaraciones de los dos policías insulares, uno de los cuales declaró haber oído una detonación, y los dos declararon que el revólver ocupado al acusado olía a pólvora quemada recientemente. Toda la prueba demostró que el revólver no estaba cargado y que el acusado lo llevaba envuelto en un pañuelo.

No hubo conflicto alguno en la prueba, ni se hizo impugnación alguna de la presentada por la defensa que justificase su completa repudiación por la corte sentenciadora. Más aún, parece que la corte inferior creyó que era su deber condenar al acusado, aun cuando diese crédito a sus testigos, por el solo hecho de que el acusado no llevaba el revólver "bien empa-

quetado con una cuerda,'' condición que la corte estimó **era** esencial para demostrar que su intención era solamente transportar el revólver de la herrería a su casa.

Las palabras de la corte revelan que en su mente existía, como existe en la nuestra, una duda en cuento a la culpabilidad de acusado. Y fué error de la corte sentenciadora el **no** dar al acusado el beneficio de esa duda. Véase: *El Puebo* **v.** *Pérez,* 40 D.P.R. 754.

*Debe revocarse la sentencia apelada.*

El Juez Asociado señor Córdova Dávila no intervino.