El Pueblo de Puerto Rico, demandante y apelado, *v.* Victorio Colón Márquez y Emilio Ramos Ramos, acusados y apelantes.

Núm. 13223.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 8, 1948.

894

*G. Jiménez Sicardó y A. Mieres Calimano*, abogados de los apelantes; *Hon. Procurador General Luis Negrón Fernández y J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Victorio Colón Márquez y Emilio Ramos Ramos fueron acusados y convictos ante la Corte Municipal de Río Piedras por infracción a la Ley de Bebidas (Núm. 6 de 30 de junio de 1936, Sesión Extraordinaria, pág. 45). El delito consistía en transportar tres galones de espíritus destilados sin tener adheridos los correspondientes sellos de rentas internas. Apelaron para ante el Tribunal del Distrito de San Juan, donde visto el caso *de novo* fueron una vez más sentenciados por el delito imputádoles. De esa sentencia recurrieron para ante este Tribunal.

■■ En el alegato radicado los apelantes no hacen un verdadero señalamiento de errores, limitándose a manifestar, luego de hacer una exposición del caso, que "Aunque a cada una de las conclusiones a que el Hon. Juez de la Corte inferior llegó para denegar la moción sobre registro arbitrario y supresión de evidencia, pudiera atribuírsele errores separadamente, es lo cierto que cada una de ellas contiene el mismo error y es por ello que vamos a discutirlo como uno solo." No habiendo un señalamiento específico, la apelación podría ser desestimada por ese solo funda-

mento. *Pueblo v. Román,* 46 D.P.R. 97, 99; *Pueblo v. Maldonado,* 45 D.P.R. 417, 423 y *Pueblo v. Jones,* 36 D.P.R. 96. Sin embargo, como de la discusión ulterior que aparece en el alegato se desprende que el fundamento de la apelación interpuesta es que a juicio de los acusados el tribunal inferior erró al declarar sin lugar su moción sobre supresión de evidencia, pasaremos a discutir el caso en sus méritos.

Al ser llamado éste para juicio la corte inquirió de las partes si estaban listas, contestando éstas afirmativamente. Acto seguido la defensa dió por leída la acusación e hizo alegación de inocencia. Surge de los autos que el juez del tribunal inferior *sua sponte* manifestó entonces que "hay una moción de supresión de evidencia." A esa manifestación del juez la defensa indicó que la misma podía verse conjuntamente. Del expediente elevado a este Tribunal no aparece la indicada moción sobre supresión de evidencia, ni los motivos en que ésta se basó. Surge asimismo que luego de manifestar la defensa que la aludida moción y el caso en sus méritos podían verse conjuntamente, declaró bajo juramento el testigo Santiago Ayuso. Inició el interrogatorio directo de éste el abogado defensor, repreguntándole más tarde el fiscal. Esto da la impresión de que se empezó a oír la moción sobre supresión de evidencia y no el caso en su fondo. Empero, al terminar la declaración del testigo, que fué el único que declaró en el curso del juicio, la defensa manifestó que en vista de la prueba de El Pueblo solicitaba se declarara que el registro fué ilegal, fundándose principalmente en lo resuelto por nosotros en *Pueblo v. Decós,* 62 D.P.R. 148. Discutida la cuestión y después de manifestar la defensa que "el otro testigo, en cuanto a la prueba nuestra para demostrar que el registro es ilegal, declararía lo mismo que el Sr. Ayuso," la corte declaró sin lugar la cuestión planteada y sentenció a los acusados por el delito imputádoles.

No se ha cometido el supuesto error. El presente dista

mucho de ser similar al caso de *Pueblo* v. *Decós,* supra. En ese caso el acusado llegó a la plaza de recreo .del pueblo de Camuy en un automóvil público y·allí se detuvo. ·Fué entonces arrestado y llevado al cuartel, donde *sospechando* la policía que éste transportaba bebidas embriagantes en violación de la ley, le obligó a permitir se abriera el baúl trasero de su automóvil. Se resolvió que el registro había sido ilegal y se le absolvió. La prueba ofrecida en el presente caso demuestra, sin embargo, que el día 14 de mayo de 1947, como a las 9 de la noche, el testigo Santiago Ayuso, quien ,era un agente de rentas internas y quien iba acompañado de otra persona, viajaba en un pequeño *truck* en dirección al barrio Campo Rico, de Río Piedras; que en dirección contraria marchaba otro automóvil con las luces ´más brillantes encendidas; que el testigo paró entonces su vehículo lo más a la derecha posible, junto a la vía del tren que por allí cruzaba y que como la carretera era estrecha los acusados tuvieron que parar su automóvil junto al camión del testigo al momento de cruzar, quedando las puertas de ambos vehículos casi pegadas; que entonces Ayuso, que se había bajado del camión, notó un fuerte olor a ron y al ver que un líquido chorreaba por la puerta del automóvil del acusado que quedaba más cerca del camión, tocó y olió el líquido y notó que se trataba de ron cañita; que miró entonces hacia el interior del vehículo y vió que allí había tres galones de ron sin los correspondientes sellos de rentas internas adheridos, procediendo entonces a arrestar a los acusados.

Como la cuestión no ha sido suscitada, no es necesario que resolvamos si la moción sobre supresión de evidencia fué presentada oportunamente y en debida forma. Cf. *Pueblo* v. *Nieves,* 67 D.P.R. 305. No obstante, bajo las circunstancias ya expuestas es incuestionable que existía causa probable para el registro del automóvil y para el arresto de los acusados. Conforme se dijo en el caso de *Pueblo* v. *De-*

*cós,* supra, citando del de *Carroll* v. *United States,* 267 U.S. 132: ". . . . *habiendo causa probable, o sea habiendo una creencia, razonablemente deducible de circunstancias conocidas al oficial incautador,* de que un automóvil u otro vehículo contiene lo que por ley está sujeto a incautación y destrucción, el registro y la incautación son válidos. . . .".

En el presente la causa probable fué completamente clara y el registro y arresto se efectuaron de acuerdo con la ley.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.