EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ERNESTO VÁZQUEZ NIEVES, acusado y apelante.

Núm. 15059.—*Sometido:* Noviembre 5, 1951. *Resuelto:* Noviembre 14 1951.

*C. Ávila Medina,* abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Todd, Jr., emitió la opinión del tribunal.

■■ Ernesto Vázquez Nieves fué convicto de un delito de portar armas y sentenciado a cumplir tres meses de cárcel. No conforme con la sentencia apeló. Aun cuando en su alegato no hace un señalamiento específico de errores, según exige la Regla 11 de nuestro Reglamento, lo que sería suficiente para desestimar el recurso—*Paoli* v. *Colorado*, 31 D.P.R. 452; *Pueblo* v. *Maldonado*, 45 D.P.R. 915; *Pueblo* v. *Colón*, 68 D.P.R. 893—consideraremos la única cuestión de derecho que plantea, a saber: "Si el acusado, teniendo en su automóvil un revólver, que llevaba para reparar, debe permanecer inmóvil, ante un agresor que le ha hecho cuatro disparos y no hacer uso de ese revólver que tiene en su automóvil, por el mero hecho de haberse desviado de la trayectoria entre el sitio de donde sacó el revólver hasta su hogar o taller en Puerto Nuevo."

Esta cuestión más bien tiende a justificar el uso que el acusado hizo del arma y no a demostrar que la portaba legalmente.

■ La prueba de cargo demostró que el día 2 de agosto de 1950 y estando Virgilio Hernández frente a un garaje de su propiedad en Hato Rey hablando con el policía insular Osvaldo Vidal Rivera, llegó el acusado en un automóvil y se detuvo cerca de ellos; que Hernández se aproximó al automóvil del acusado y entonces surgió un tiroteo entre ambos; que el acusado se bajó del automóvil y continuaron disparándose, teniendo el acusado un revólver en su mano. Declaró el policía que el acusado es de oficio armero.

La prueba de defensa demostró que a Norman Iceman de la firma Hato Rey Electroplating Corporation, que se dedica al trabajo de niquelado de plata y cromio, le fué entregado el revólver que se presentó como prueba el día 20 de febrero de 1950 para ser niquelado; que él se lo dió al acusado, quien le hacía trabajos como armero, y éste encontró

que tenía el cañón roto y el revólver no fué niquelado; que el acusado tenía su taller de reparación de armas y máquinas en Puerto Nuevo y el día de los hechos llevaba el revólver en un maletín para repararlo; que antes de ir a su casa en Puerto Nuevo fué al hospital de Río Piedras a montar unas cocinas y luego subió a su automóvil a un muchacho para llevarlo a la casa de Virgilio Hernández a pedirle $2 prestados y al llegar allí Hernández le hizo varios disparos con un revólver y él tuvo que defenderse con el que llevaba en el maletín para repararlo. Admitió que el revólver le fué entregado el 20 de febrero de 1950 (los hechos ocurrieron el 2 de agosto de 1950) pero afirmó que no sacó dicho revólver del sitio donde trabajaba con la casa W. Sarten & Bundle Company pues el mismo pertenecía al Sr. Sarten hasta el día 2 de agosto de 1950.

No erró a nuestro juicio el tribunal inferior al declarar culpable al acusado. Independientemente del hecho de que el revólver le fué entregado el 20 de febrero de 1950 para ser arreglado y lo tuvo en su posesión hasta el día 2 de agosto del mismo año, en esta última fecha lo portó ilegalmente al llevarlo en su automóvil desde el sitio en que trabajaba en Hato Rey hasta el hospital de Río Piedras y luego hasta frente al garaje de Hernández, aun cuando su intención ulterior fuera llevarlo hasta su casa para repararlo. Los casos de *Pueblo* v. *Pérez*, 40 D.P.R. 754 y *Pueblo* v. *Mandés*, 50 D.P.R. 157, en los cuales los acusados portaban revólveres descargados desde la casa de un armero que los había reparado, son inaplicables a los hechos probados en el presente. Tampoco lo es el *Harris* v. *State*, 85 S.E. 813, aun asumiendo que estuviéramos dispuestos a aceptar la aplicación que de la doctrina sobre portación incidental se hizo a los hechos de dicho caso.

*Debe confirmarse la sentencia.*